**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DONALD E. MARSHALL, JR.　　　　　　　　CASE NO.: 3:19-cv-00367

　　　　Plaintiff,

vs.

RACING RVS LLC and
ROBERT JOE FISHER,

　　　　Defendants.
_____/

## COMPLAINT

　　　　Plaintiff, Donald E. Marshall, Jr. ("Marshall"), hereby sues Defendants, Racing RVS LLC ("RR") and Robert Joe Fisher ("Fisher," with RR, "Defendants") and alleges as follows:

### THE PARTIES, JURISDICTION AND VENUE

　　　　1.　　Marshall is an individual over the age of 18 residing in Broward County, Florida.

　　　　2.　　RR is an Ohio limited liability company with its principal address in Clayton, Montgomery County, Ohio and its principal place of business located at 6975 Brookville-Salem Road, Brookville, Montgomery County, Ohio 45309.

　　　　3.　　Defendant Fisher is an individual residing in Montgomery County, Ohio.

　　　　4.　　Upon information and belief, Fisher is the sole member of RR and is, and all times herein was, an officer, director, agent, or owner of RR.

　　　　5.　　This is an action for money damages in excess of $75,000.00, exclusive of interest, attorneys' fees and costs.

　　　　6.　　This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the Plaintiff and Defendants.

7. Venue is proper in the Southern District of Ohio because the causes of action asserted herein accrued in Montgomery County, Ohio and Defendants are located in Montgomery County, Ohio.

8. All conditions precedent to the filing of this lawsuit have been performed, satisfied and/or waived prior the filing hereof.

**GENERAL ALLEGATIONS**

9. Marshall met Fisher in the summer of 2017. Fisher informed Marshall that he owned RR and that he could help Marshall sell his recreational vehicle.

10. At that time, Marshall owned a 2007 47' Haulmark Motorhome Vehicle Identification Number 1FVAA6CV27LW58864 ("Vehicle") which had a value in excess of $100,000.00.

11. In August 2017, a verbal bailment agreement ("Agreement") was entered into between Marshall and Fisher pursuant to which: (i) the Vehicle would be parked on RR's lot for sale; (ii) if any offers to purchase the Vehicle were made, Fisher would relay the purchase offer to Marshall and Marshall would have final authority to accept or reject the offer; and (iii) Marshall was entitled to the proceeds of any sale of the Vehicle.

12. In accordance with the Agreement, in August 2017, Marshall drove the Vehicle to RR's lot in Brookville, Ohio and left it in Defendants' possession.

13. Once Defendants had possession of the Vehicle, they rarely communicated with Marshall despite Marshall's repeated attempts at communication.

14. Prior to early 2018, Marshall demanded return of the Vehicle.

15. In early 2018, Fisher informed Marshall that he sold the Vehicle ("Transaction").

16. Despite Marshall's demand for the return of the Vehicle and for information relating to the Transaction, Fisher provided Marshall with little detail or facts and did not provide the Transaction's date or name of purchaser.

17. In the summer of 2018, Defendants told Marshall that rather than selling the Vehicle, the Transaction was a trade of the Vehicle and some payment in exchange for the vehicle of one of RR's customers ("Unknown Customer").

18. Defendants did not obtain Marshall's consent or approval of the Transaction.

19. To date, Marshall is unaware of the value obtained for the Vehicle, the terms under which the Transaction took place, or whether the vehicle accepted by Defendants as part of the Transaction has been sold by Defendants.

20. To date, Marshall has received only a small payment compared to the value of the Vehicle.

21. To date, Marshall has not received payment for the most or all of the value of the Vehicle or the return of the Vehicle as demanded.

## **COUNT I**
(Breach of Contract)

22. Marshall restates the allegations of the prior paragraphs as if fully restated herein.

23. Marshall and Defendants entered into the Agreement.

24. Pursuant to the Agreement, the Vehicle would be parked on RR's lot for sale, if any offers to purchase the Vehicle were made, Fisher would relay the purchase offer to Marshall and Marshall would have final authority to accept or reject the offer, and Marshall was entitled to the proceeds of any sale.

25. In accordance with the Agreement, in August 2017, Marshall drove the Vehicle to RR's lot in Brookville, Ohio and left it in Defendants' possession.

3

26. Marshall satisfied all of his obligations under the Agreement.

27. Defendants breached the Agreement by entering into the Transaction and selling the Vehicle without conveying any purchase offer to Marshall.

28. Defendants breached the agreement by failing and/or refusing to provide Marshall with the proceeds from the sale of the Vehicle.

29. Defendants actions in breaching the Agreement have caused Marshall to suffer damages in the loss of the Vehicle.

## COUNT II
(Conversion)

30. Marshall restates the allegations of the prior paragraphs as if fully restated herein.

31. At all times material hereto, Marshall was the owner of the Vehicle.

32. Defendants exercised dominion and control over the Vehicle contrary to Marshall's clear ownership rights.

33. Despite Marshall's demands and efforts to obtain information on the whereabouts, or return, of the Vehicle, Defendants continued to exercise dominion and control over the Vehicle to the exclusion of Marshall's rights.

34. Defendants have intentionally and substantially interfered with Marshall's ownership of the Vehicle by taking possession of the Vehicle and preventing Marshall from having access to Vehicle, and by refusing to return the Vehicle upon demand.

35. In early 2018, Defendants wrongfully entered into the Transaction without Marshall's authority or consent.

36. Defendants participation in the Transaction caused Marshall to be deprived of the Vehicle.

37. As the corporate officer who directs the actions of RR, Fisher is personally liable for the conversion of the Vehicle.

38. Defendants have refused to return the Vehicle or pay the value of the Vehicle in full and have stated that they have disposed of the Vehicle.

39. Defendants' conversion of the Vehicle has caused Marshall to suffer damages in an amount that will be proven at trial.

## COUNT III
(Bailment)

40. Marshall restates the allegations of the prior paragraphs as if fully restated herein.

41. Defendants as bailees and Marshall as bailor entered into the Agreement, which was a contract for bailment of the Vehicle.

42. In accordance with the Agreement, in August 2017, Marshall drove the Vehicle to RR's lot in Brookville, Ohio and left it in Defendants' possession.

43. To date and despite expiration of the Agreement and a demand by Marshall, Defendants have failed and refused to return the Vehicle.

44. Defendants actions in breaching the Agreement have caused Marshall to suffer damages in the loss of the Vehicle.

## COUNT IV
(Fraud)

45. Marshall restates the allegations of the prior paragraphs as if fully restated herein.

46. In August 2017, Defendants enticed Marshall to leave the Vehicle in Defendants' custody.

47. Defendants represented that the Vehicle would be parked on RR's lot for sale and that if any offers to purchase were made, Defendants would relay the purchase offer to Marshall and Marshall would have final authority to accept or reject the offer.

5

48. Defendants represented to Marshall that the proceeds from any sale of the Vehicle would be given to Marshall forthwith.

49. But for Defendants' representations and statements to Marshall, Marshall would not have left the Vehicle in Defendants' custody or control.

50. The representations and statements made by Defendants to Marshall were material to Marshall's decision to leave the Vehicle in Defendants' custody and control.

51. Defendants made the representations and statements with the intent of misleading Marshall into relying on the false representations and statements.

52. Marshall justifiably relied on Defendants' representations and statements.

53. In early 2018, Defendants again made false representations and statements to Marshall when Defendants informed Marshall that they engaged in the Transaction and that Marshall would be receiving the proceeds from the Transaction.

54. Defendants concealed from Marshall the material details of the Transaction such as the date, the value obtained for the Vehicle, and name of the Unknown Customer despite Marshall's demand for said information.

55. Defendants made the false representations and statements and concealed the details of the Transaction from Marshall with the intent of misleading Marshall into relying upon the false statements.

56. Marshall justifiably relied on Defendants' false representations and omissions.

57. When Marshall never received further information about, or full amount of the proceeds or benefit from, the Transaction, Defendants told Marshall that the Vehicle was transferred as part of the Transaction.

58. Defendants participated in the fraudulent Transaction with knowledge of the falsity or utter disregard and recklessness as to whether it was true or false.

59. Fisher knew or should have known that he did not have authority or consent from Marshall to transfer the Vehicle to the Unknown Customer as part of the Transaction.

60. RR knew or should have known that it did not have authority or consent from Marshall to transfer the Vehicle to the Unknown Customer as part of the Transaction.

61. To date, Marshall has not received payment from Defendants for the value of the Vehicle.

62. To date, Marshall is unaware of the how much the Vehicle was transferred for or the other terms of the Transaction, including whether the vehicle accepted by Defendants in exchange for the Vehicle has ever been sold by Defendants.

63. Defendants' conduct has caused and continues to cause damage to Marshall.

WHEREFORE, Marshall demands judgment in its favor and against Defendants as follows:

1. For a money judgment against Fisher for a sum in excess of $75,000.00;

2. For pre-judgment and post-judgment interest;

3. For his costs and reasonable attorneys' fees; and

4. For such other and further relief as this Court finds just and equitable.

Respectfully submitted,

/s/ Jessica E. Salisbury-Copper
Jessica E. Salisbury-Copper (0085038)
Jamar T. King (0091093)
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Miamisburg, Ohio 45342
Telephone: 937.443.6854
Facsimile:  937.443.6635
Jessica.Salisbury-Copper@ThompsonHine.com
Jamar.King@ThompsonHine.com

*Counsel for Plaintiff Donald E. Marshall, Jr.*

7